### In re PETITION AND QUESTIONNAIRE FOR ADMISSION TO the RHODE ISLAND BAR.

#### No. 93–246–M.P.

Supreme Court of Rhode Island.

May 19, 1995.

Gail Higgins Fogarty, Michael Schwartz, Committee on Character & Fitness, for plaintiff.

Patricia Beede, ACLU, Newport, for defendant.

#### OPINION

MURRAY, Justice.

This matter comes before us on the petition of the Committee on Character and Fitness (the committee) for instructions. The committee requests that this court instruct it on how to proceed with respect to proposed changes to questions 26 through 29 on the Rhode Island Bar Application. Amicus Curiae, the American Civil Liberties Union—Rhode Island Affiliate (the ACLU), contends that the most recent proposed changes to questions 26 and 29(a) and (b) violate the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 through 12213, as well as an applicant's privacy rights. As such, the ACLU contends that these questions should

be eliminated from the bar application. For the reasons stated below, we remand the matter to a specially appointed master who will gather relevant information and address any concerns regarding questions 26 and 29(a) and (b). After a reasonable length of time in which to accomplish these tasks, the master will reformulate and resubmit these questions to this court for approval. The following facts are gleaned from the record submitted to this court.

In 1988 the committee began utilizing a new application for persons seeking admission to the Rhode Island Bar. The application contained the pre-revised versions of questions 26 through 29. *See* Appendix I. In a letter dated February 25, 1993, the ACLU advised the committee that it had received a complaint concerning these four questions. The ACLU asserted that the four questions violated an applicant's right to privacy and the ADA. As such, the ACLU requested that the questions be substantially revised. In response to the letter, the committee petitioned this court for instructions on April 29, 1993. The committee's petition included provisional revisions to questions 26 and 29(b) limiting the questions' inquiry to the past ten years. Additionally, the committee included a part (c) to question 29. On June 30, 1993 the ACLU sought and received amicus curiae status in order to file a memorandum in opposition. That same day their memorandum in opposition was filed. In an order dated July 9, 1993 we deferred the matter "pending the committee's completion of its fact-finding and revision process."

As a result of our order, the committee engaged the services of Dr. Thomas Paolino, a board certified psychiatrist with extensive experience in the clinical treatment of substance abuse and mental illness, to comment on the proposed questions. Additionally, the committee sought guidance from opinions of different jurisdictions as well as decisions of the United States Department of Justice, the federal agency invested with the authority to issue interpretative regulations with respect to the ADA. As a result of its fact-finding, the committee submitted a letter to this court on June 8, 1994, noting its progress and recommending that we adopt further revisions made by the committee to questions

26, 27, 29(b) and 29(c). Specifically, the committee recommended that these questions be limited to the previous five years. The committee also recommended that the application include a paragraph preceding questions 26 through 29 to express its concerns in asking these questions, to stress the care that will be taken in evaluating the responses and maintaining the applicant's confidentiality, to assure the applicant that a positive response to any of the questions does not necessarily doom admission to the bar and to encourage the applicant to seek counseling and treatment if needed.

In response to this more recent set of proposed revisions, the ACLU notified this court in a letter dated August 18, 1994 that "the proposed revisions do little to address the underlying concerns that prompted our initial complaint." The result of this letter was a meeting between members of the committee and representatives of the ACLU to address the ACLU's concerns. However, the two sides failed to agree on an acceptable set of questions. As a consequence, the ACLU filed another memorandum of law in opposition to the proposed revisions.

On November 30, 1994, the committee convened to consider a number of recent developments relating to bar admission questionnaires in other states. As a result of its review, the committee unanimously agreed to recommend to this court a third set of revisions to questions 26 through 29. These latest revisions, dated December 9, 1994, are now before us on the committee's petition for instructions. *See* Appendix II.

In its reply memorandum and on oral argument, the ACLU has indicated that it no longer objects to the latest revisions of questions 27 and 28(a) and (b). However, the ACLU continues to take issue with the latest revisions of questions 26 and 29 as they are allegedly violative of provisions of the ADA as well as an individual applicant's right to privacy. Specifically, the ACLU contends that question 26's inquiry into an applicant's status as an alcohol or drug dependent person during the past five years violates the specific protection afforded by the ADA to dependent persons who are not currently using drugs or alcohol. *See* 42 U.S.C. §§ 12102(2), 12210 and § 12132. Additional-

ly, the ACLU asserts that by asking an applicant if he or she has ever been admitted to a medical or mental health facility for treatment or evaluation for an "emotional disturbance, nervous or mental disorder" and by asking whether, within the past five years, the applicant has been diagnosed or has received treatment for one of these disorders, *proposed questions 29(a) and (b) violate the ADA*.[1] *See* 42 U.S.C. §§ 12102(2), 12131(2) and § 12132. However, given our disposition of the matter, we need not reach the ADA nor address the ACLU's privacy concerns.

Given the important public and private interests implicated in these questions, we deem it necessary to appoint a master to receive input from members of the community whose interests may be affected and whose participation may better inform us as to the value and propriety of the queries. This master is urged to ask all interested parties to submit any revisions and suggestions they may have with respect to the most recent versions of questions 26 and 29. *See* Appendix II. This will assist in creating a meaningful dialogue. After a reasonable length of time in which to garner such input, the master will submit model questions to this court for review and approval. We believe that by opening this process to all interested members of the community, the queries ultimately submitted to us by the master will adequately address the public's interest and such questions will result in the committee acquiring adequate information about the applicant. In short, the ultimate goal of the committee is to secure to the public competent counsel while protecting the individual applicant from unnecessary intrusions into his or her zone of privacy.

Consequently, we remand the matter to Master Patricia Ryan Recupero to proceed as noted above.

## APPENDIX I

26. Are you or have you ever been addicted to or dependent upon the use of narcotics, drugs, or intoxicating liquors or been diagnosed as being addicted to or dependent upon said items? YES ____ NO ____. If yes, please state the details, including dates.

_____

_____

_____

27. Have you within the past ten years undergone treatment for, counseling for or consulted any physician, psychologist, or counselor about the use of drugs, narcotics or intoxicating liquors? YES ____ NO ____.
If yes, please state the approximate dates, details, circumstances, the name and address and zip code of each physician, psychologist, or counselor so consulted.

_____

_____

_____

You must enclose copies of letters which direct each of the foregoing persons to furnish to the Committee any information the Committee may request with respect to any such treatment.

28. Have you ever been declared legally incompetent? YES ____ NO ____. If yes, please give full details as to court, date and circumstances and legal representative if any.

_____

_____

1. The ACLU also takes issue with question 29(c). However, after the ACLU submitted its reply brief, the committee omitted question 29(c) from its latest proposed revisions. *See* Appendix II.

29. a. Have you ever received diagnosis of emotional disturbance, nervous or mental disorder? YES ＿＿ NO ＿＿. If yes, explain stating the name, address and zip code of each psychologist, psychiatrist, or other medical practitioner who made such diagnosis.

 

 

 

b. Have you ever received treatment for emotional disturbance, nervous or mental disorder? YES ＿＿ NO ＿＿. If yes, please state the name, address and zip code of each psychiatrist, psychologist, or other counselor who treated you and the date you began treatment.

 

 

 

## APPENDIX II

## PROPOSED REVISION OF QUESTIONS 26–29

### DECEMBER 9, 1994

The Committee on Character and Fitness must assess effectively the mental health of each applicant. A lawyer's untreated or uncontrolled mental disorder or pattern of substance abuse may result in injury to the public. Questions 26–29 request information essential to the Committee's assessment. The Committee assures each applicant that the Supreme Court, consequent upon the Committee's recommendation, regularly admits applicants with a history of mental ill-health, substance abuse, and utilization of the services of mental health professionals. The Committee considers satisfactory mental health to include (1) the current absence of an untreated, uncontrolled mental illness or pattern of substance abuse that interferes with law practice and (2) the unlikelihood of a relapse of a prior mental illness or pattern of substance abuse that would interfere with law practice. The Committee encourages applicants to seek the assistance of mental health professionals, if needed.

The Committee further assures each applicant that information disclosed in the responses to these questions will be discussed, if at all, only at the initial interview with a single Committee member, unless the interviewer finds evidence of unsatisfactory mental health that requires a referral of the applicant to the full Committee.

26. Are you or have you within the past five (5) years been addicted to or dependent upon the use of narcotics, drugs, or intoxicating liquors or been diagnosed as being addicted to or dependent upon said items to such an extent that your ability to practice law would be or would have been impaired? YES ＿＿ NO ＿＿.

If yes, please state details, including dates and name and address of the individual who made the diagnosis, if one was made.

"Ability to Practice Law" is to be construed to include the following:

(a) The cognitive capacity to undertake fundamental lawyering skills such as problem solving, legal analysis and reasoning, legal research, factual investigation, organization and management of legal work, making appropriate reasoned legal judgments, and recognizing and resolving ethical dilemmas, for example.

(b) The ability to communicate legal judgments and legal information to clients, other attorneys, judicial and regulatory authorities, with or without the use of aids or devices; and

(c) The capability to perform legal tasks in a timely manner.

27. Are you currently engaged in the illegal use of drugs?

"Illegal Use of Drugs" means the use of controlled substances obtained illegally as well as the use of controlled substances which are not obtained pursuant to a valid prescription or taken in accordance with the directions of a licensed health care practitioner.

"Currently" does not mean on the day of, or even the weeks or months preceding the completion of this application. Rather, it means recently enough so that the condition or impairment may have an ongoing impact.

You have a right to elect not to answer those portions of the above questions that inquire as to the illegal use of controlled substances or activity if you have reasonable cause to believe that answering may expose you to the possibility of criminal prosecution. In that event, you may assert the Fifth Amendment privilege against self-incrimination. Any claim of Fifth Amendment privilege must be made in good faith. If you choose to assert the Fifth Amendment privilege, you must do so in writing. You must fully respond to all other questions on the application. Your application for licensure will be processed if you claim the Fifth Amendment privilege against self-incrimination.

28. (a) Have you ever been involved in, reprimanded for or disciplined by an employer or educational institution for misconduct including:

(1) acts of dishonesty, fraud, or deceit;

(2) lying on a resume, or misrepresentation;

(3) academic misconduct, including such acts as cheating;

(4) misconduct involving student activities;

(5) theft;

(6) excessive absence;

(7) failure to complete assignments in a timely manner;

(8) actions in disregard of the health, safety and welfare of others;

(9) sexual harassment;

(10) neglect of financial responsibilities; or

(11) conduct related to the use of alcohol or any other drug in the last 10 years?

If the answer to any of the above is yes, please set forth the specifics, including date of the action; by whom taken; the name and address of the employment supervisor or academic advisor involved, if applicable, and any person involved in the investigation of your conduct.

(b) Have you ever been terminated or granted a leave of absence by an employer or withdrawn from an educational institution? (Do not include leaves of absence specifically authorized by state or federal law—e.g., family and bereavement leave, etc.)

If the answer to the above is yes, please set forth the specifics, including date of the action; by whom taken; and the name address of the employment supervisor or academic advisor involved.

29(a) Have you ever been hospitalized, institutionalized or admitted to any medical or mental health facility (either voluntarily or involuntarily) for treatment or evaluation for any emotional disturbance, nervous or mental disorder? YES ＿＿ NO ＿＿. If yes, state the name and complete address of each hospital, institution or treatment facility; the dates of treatment or evaluation; and the name of each individual in charge of your treatment or evaluation.

_____

_____

_____

(b) Are you now or have you within the past five (5) years been diagnosed as having or received treatment for an emotional disturbance, nervous or mental disorder, which condition would impair your ability to practice

law? YES ____ NO ____. If yes, explain, stating the name and complete address of each psychologist, psychiatrist, counselor or other medical practitioner who made such diagnosis or from whom you received treatment, and the relevant dates.

